United States District Court
Southern District of Texas
**ENTERED**
April 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| YASMANI LAZO FLEITAS, | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | Civil No. 5:26-cv-00589 |
| | § | |
| JOE CORLEY DETENTION CENTER, | § | |
| MARKWAYNE MULLIN, | § | |
| TODD BLANCHE, | § | |
| TODD M. LYONS, | § | |
| and BRET BRADFORD, | § | |
| *Respondents.* | § | |

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Dkt. No. 1.  The Petition challenges Petitioner's ongoing detention at the Joe Corley Processing Center Facility in Conroe, Texas.  *Id.* at 2.  "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  Additionally, the Court may transfer a civil action to any division where it might have been brought for the convenience of the parties.  28 U.S.C. § 1404(a).

According to the Petition, Petitioner is currently detained in Conroe, Texas, which is in Montgomery County, Texas, located in the Houston Division for the Southern District of Texas. Dkt. No. 1 at 2; 28 U.S.C. § 124(b)(2).  Thus, while the Petition was properly filed in the Southern District of Texas, the Court finds that proper venue lies in the Houston Division for the convenience of the parties.  Accordingly, this case is **TRANSFERRED** to the Houston Division for further

proceedings.  The Clerk of Court is **DIRECTED** to **TRANSFER** this case to the United States

District Court for the Southern District of Texas, Houston Division, and to close this case.

IT IS SO ORDERED

Signed this April 8, 2026, in Laredo, Texas.

Diana Song Quiroga
United States Magistrate Judge